# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-196 (DWF/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Brent Alan Kehler, | |
| Defendant. | |

Andrew H. Mohring, Douglas L. Micko, and Lisa M. Lopez, Office of the Federal Defender, counsel for Defendant.

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Brent Alan Kehler's ("Kehler") motion for compassionate release. (Doc. No. 122 ("Motion").) The United States of America (the "Government") opposes Kehler's Motion.[1] (Doc. No. 129 ("Govt. Opp.").) For the reasons discussed below, the Court shall stay Kehler's Motion for a period of three months pending an updated medical assessment of his condition.

---

[1] The Court also received and considered Kehler's reply to the Government's opposition. (Doc. No. 130 ("Reply").)

**BACKGROUND**

Kehler was arrested on August 15, 2017 and released on bond to pretrial supervision on August 18, 2017. (Doc. Nos. 17-20, 95 ("PSR") ¶ 19.) On November 16, 2017, Kehler pled guilty to knowingly and intentionally conspiring to distribute 50 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846.[2] (Doc. No. 62.)

On January 4, 2018, Kehler's probation officer notified the Court of several alleged presentence violations. (Doc. No. 72.) The Court issued a bench warrant for Kehler's arrest the same day. (Doc. No. 75.) The warrant was executed on March 12, 2018 and Kehler has been in custody ever since.[3] (Doc. No. 92.) U.S. Probation filed a Presentence Report on June 29, 2018. (Doc. No. 95 ("PSR").) The PSR recommended a guideline sentence of 210-262 months.[4] (*Id.* ¶ 127.) The recommendation included a 2-level enhancement for reckless endangerment during flight. (*Id.* ¶ 129.) The recommendation also reflected a significant criminal history, including eight prior felonies.[5] (*Id.* ¶¶ 40-97.) The PSR also noted that Kehler violated the terms of his

---

[2]   Kehler's bond and release conditions were continued at his plea hearing. (Doc. Nos. 60, 69.)

[3]   Kehler was apprehended after fleeing U.S. Marshals in a high-speed car chase when they tried to arrest him. (PSR ¶ 19.)

[4]   Kehler's attorney argued for a downward departure based on an alleged over-representation of his criminal history. (Doc. Nos. 104 at 39-41; 112 at 36-37.)

[5]   Several of Kehler's crimes were violent including multiple incidents of domestic assault, punching a victim and threatening to kill him, threatening violence to collect drug

probation or supervised release on numerous occasions, and that he escaped from custody while serving sentences in two separate cases.  (*Id.* ¶¶ 45-46, 48, 51, 53, 59, 62-63, 65, 70, 79.)

On August 21, 2018, the Court sentenced Kehler to 110 months imprisonment followed by a five-year term of supervised release.  (*See* Doc. Nos. 106-107.)  In November 2019, Kehler began to experience weakness and pain in his arms and legs.  (Doc. No. 124 ("Def. Appx.") at 26-681 ("Medical Records") at 134-35, 489-92.)  On November 22, 2019, Kehler reported to BOP medical staff that he could not move or feel anything from his abdomen to his toes.  (*Id.* at 127.)  On the same day, BOP medical staff sent Kehler to a local hospital.  (*Id.* at 132-33.)  An MRI showed that Kehler was suffering from an epidural abscess with cervical cord swelling and signs pointing to spinal cord infarction.  (*Id.* at 517.)  Surgeons performed a decompressive laminectomy on November 23, 2019.  (*Id.*)  On November 24, 2019, Kehler regained sensation in his lower extremities insofar as he could detect touch and feel pain on his feet; however, he remained paralyzed and could not move his lower body.  (*Id.* at 588-89.)  Since this time, Kehler has received physical and occupational therapy designed to help him live with his impairment; however, he remains a paraplegic and alleges that his condition has not improved.  (Doc. No. 123 ("Def. Memo.") at 4-6; *see also* Medical Records at 39, 41, 55-56, 356-363, 419-22.)

---

debt, and fleeing from U.S. Marshals in a vehicle at high speed.  (*Id.* ¶¶ 19, 57, 59-60, 62-63, 65, 69, 79, 74.)

3

Kehler is currently incarcerated at Springfield MCFP in Missouri. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed June 29, 2020). According to the Bureau of Prisons ("BOP"), Kehler's release date is December 24, 2025. *Id*. When he arrived at Springfield MCFP on March 11, 2010, a nurse assessed Kehler as "a paraplegic with no movement to his lower extremities, sensation still intact. Incontinent of bladder and bowel. Needs help with [activities of daily life] to include showering, diaper care, transferring, and dressing. Can feed himself." (Medical Records at 95.) The next day, a doctor evaluated Kehler and opined that his paraplegia was "improving" and "motor function slowly returning." (*Id.* at 84 ("Improvements").)

The record reflects that in February 2020, Kehler requested compassionate release from the warden of his former prison.[6] (Def. Appx. at 1-2 ("Request").) The warden at USP Leavenworth recommended that release be granted. (*Id.*) Soon after, this district's Probation and Pretrial Services conducted a Compassionate Release-Prerelease Plan. (Doc. No. 119 ("Plan").) According to the Plan, Kehler's sister was willing and able to provide care for him.[7] (*Id.*). On April 13, 2020, Kehler was notified by the BOP Office of General Counsel that his request for compassionate release was denied. (Def. Appx.at 3. ("Denial").) The Denial asserted that because of Kehler's Improvements, he no was no longer sufficiently debilitated to warrant release. (*Id.*)

---

[6] At that time, Kehler's BOP facility was USP Leavenworth.

[7] Kehler's sister has a single-level home with a wheelchair ramp, a wheelchair accessible bathroom, and a bedroom available for Kehler's use. (Plan.)

4

Kehler now moves for release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that his paraplegia is an extraordinary and compelling reason because it is a serious medical condition that diminishes his ability to care for himself within the environment of a correctional facility and from which he is not expected to recover. (Def. Memo. at 9.) He asserts that he is confined to a bed more than 50% of waking hours and is capable of only limited self-care, relying on staff to provide catheter, and diaper care, turn him, reposition him, bathe him, and prepare him to eat. (*Id.* at 10 (citing Medical Records at 212-288).) Kehler strongly contests the Improvements and argues that the assessment was based on little knowledge of his prior condition. (*Id.* at 6.) Moreover, Kehler asserts that he has made no progress since the alleged Improvements. (Reply at 1 (citing Doc. No. 129-4); *see also* Reply at 5-6 (describing current condition and level of care).)

The Government relies on the Improvements to argue that "it is not yet known whether Kehler's paraplegia is temporary or permanent, or whether his condition will improve to the point where he can take care of himself within the institution," to argue that the Court should stay any ruling for at least three months pending an updated medical prognosis. (Govt. Opp. at 3.) The Government cautions that releasing Kehler prior to confirming the permanency of his paraplegia poses a grave risk with respect to his likelihood to flee and potential danger to the community.[8] (*Id.* at 8.) Moreover, the

---

[8] The Government also asserts that "the fact that [Kehler] is confined to a wheelchair does not necessarily make him any less dangerous." (Govt. Opp. at 8.)

Government asserts that Kehler currently receives better care from his BOP doctors and medical staff, than he would receive from untrained family members.  (*Id.* at 7.)

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that:  (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[9]  USSG § 1B1.13 ("Statement").  The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to

---

[9]    While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[10]  *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[11]  *Id.*

The record reflects that Kehler has exhausted his administrative remedies.  Accordingly, Court finds that his Motion is properly before the Court.  Notwithstanding, after a careful review of Kehler's Motion, supporting memoranda, and Medical Records, the Court agrees with the Government that a three month stay prior to ruling is appropriate so that it may properly determine whether Kehler's condition is improving.  The Court understands the gravity of Kehler's current debilitation; however, it notes that

---

[10]     The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia.  (Statement.)

[11]     While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

7

Kehler has served less than a quarter of his sentence, and that he has a history of failing to abide by the conditions of supervised released, absconding from authorities, and danger towards the community.  Therefore, the Court finds that the most prudent course of action is to ensure that Kehler's condition is permanent prior to granting release.  If, after a period of three months, Kehler's condition has deteriorated or failed to improve, the Court will consider his Motion.

## CONCLUSION

For the reasons set forth above, the Court shall hold Kehler's motion in abeyance for a period of three months, pending an updated medical assessment of his condition at that time.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Brent Alan Kehler's Motion for Release (Doc. No. [122]) is respectfully **STAYED** for a period of three months.  The stay shall be lifted upon receipt of an updated medical assessment at that time.

Date:  June 30, 2020               s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge